Filed 7/27/23  P. v. Wright CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY WRIGHT,<br><br>      Defendant and Appellant. | A165872<br><br>(San Francisco City & County Super. Ct. Nos. SCN220707, CT11026885) |

Charged with murder and related crimes in 2011, Anthony Wright pled guilty to voluntary manslaughter and admitted the personal use of a firearm.  In 2022, the trial court denied his petition for resentencing under Penal Code section 1172.6.[1]  On appeal, he contends the court employed the wrong standard of proof.  It did not.  We affirm.

## BACKGROUND

### A.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, changed the law relating to accomplice liability for murder to better align punishment with individual culpability.  (Stats. 2018, ch. 1015, § 1(b), (f).)  To that end, Senate Bill 1437 eliminated the natural and probable consequences doctrine as to murder and narrowed

---

[1] Undesignated statutory references are to the Penal Code.

the felony murder exception to the malice requirement. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 862 (*Mancilla*).)

As relevant here, it amended section 189 to require that the perpetrator of a felony murder was either (1) the actual killer; (2) aided and abetted the killer with the intent to kill; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3; § 189, subd. (e); see § 190.2, subd. (d).)

Through former section 1170.95 (now § 1172.6), Senate Bill 1437 also created a mechanism for offenders convicted under the former felony murder rule to petition the trial court to vacate their conviction and for resentencing if they could not have been convicted of murder under the amended statutes. (Stats. 2018, ch. 1015, § 4; *Mancilla, supra,* 67 Cal.App.5th at p. 862.) A person convicted of murder, attempted murder, or manslaughter prior to Senate Bill 1437 may seek retroactive relief under this provision if (1) the information or indictment allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice is imputed based solely on the defendant's participation in a crime; and (2) the petitioner could not be convicted of murder under current law. (§ 1172.6, subds. (a)(1), (a)(3).)

If the petition makes a prima facie showing that the petitioner satisfies these requirements, the court must issue an order to show cause and hold a hearing at which the prosecutor is required to prove beyond a reasonable doubt that the petitioner is guilty of murder under current law. (§ 1172.6, subds. (c), (d).) If the prosecutor fails to sustain that burden of proof, the court must vacate the murder conviction and resentence the petitioner on the remaining charges. (§ 1172.6, subd. (d)(3).)

## B.

Wright was socializing, drinking, and smoking methamphetamine with acquaintance Richard Fowler, Jr., and several others when he pulled out a handgun, pointed it at Fowler, pursued him as he fled down the hall, scuffled with him, and shot him in the head.

Wright pled guilty to voluntary manslaughter while personally using and intentionally discharging a firearm. The court sentenced him to a 15-year prison term.

In 2022, Wright filed a petition for resentencing in the trial court pursuant to former section 1170.95, now section 1172.6. The court found he had made a prima facie showing of eligibility for relief, issued an order to show cause, and set an evidentiary hearing.

The hearing took place over two days. At the outset of the first day the court stated, "it's the People['s] burden to prove that Mr. Wright could still be convicted under current law, and the proof is beyond a reasonable doubt." When the hearing resumed for the second day the court reiterated this point: "the People have the burden of proving beyond a reasonable doubt that Mr. Wright is not eligible for relief, and the determination here is whether or not under current law Mr. Wright could be convicted of murder."

The prosecutor argued Wright was ineligible for resentencing in light of his guilty plea to voluntary manslaughter with personal use of a firearm and the evidence he acted alone and was the actual killer. "[I]t's simply not reasonably possibl[e] that Mr. Wright was not the actual killer, and there's not a co-defendant. There's no one that he possibly could have aided and abetted," and there was no lesser target offense that could reasonably have resulted in Fowler's death.

3

Defense counsel argued Wright could have been convicted of second-degree felony murder under an imputed malice theory for committing an unintended and unforeseen killing while committing one or more of several inherently dangerous felonies: carrying a loaded gun into a bedroom with others present, ingesting methamphetamine with them, and drawing a loaded gun. She argued there was no evidence Wright harbored the specific intent to kill and that the record supported a reasonable doubt as to whether he acted with malice.

The trial court disagreed. In stating its ruling, it again stated that the prosecution bore the burden to prove beyond a reasonable doubt that Wright was guilty or could be convicted under the amended murder law. "As you look at [section 1172.6] under subsection (d)(3), talking about the hearing, it says that the hearing to determine whether the petitioner's entitled to relief, the burden of proof shall be on the prosecution to prove beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under California law as amended." It also expressly observed that a finding of substantial evidence to support a murder conviction was insufficient to satisfy that burden. The court found that, while the prosecution might have pursued now discredited imputed liability theories of felony murder at trial, the evidence also supported currently valid theories based on implied or express malice. "And so based on that, the Court finds that the People have met their burden to prove beyond a reasonable doubt that there's still a viable theory of liability of murder in this case, and that they have satisfied [that] burden here today." Accordingly, it denied the petition.

## DISCUSSION

Despite the court's multiple statements of the beyond a reasonable doubt standard, Wright argues it misunderstood the resentencing statute and, in fact, believed the prosecution was required only to prove there was substantial evidence to support

4

a valid murder conviction under current law.  The argument is meritless.  The court repeatedly stated that the prosecutor had the burden of proof beyond a reasonable doubt.  Moreover, it expressly noted that a finding there was substantial evidence to support his conviction was insufficient to satisfy that burden.

Wright nonetheless claims that two remarks show the court applied the substantial evidence standard, instead of requiring proof beyond a reasonable doubt.  They do not.  In discussing the evidence that supported an implied malice theory, the court commented that the question was whether the People could have convicted Wright on that basis at trial: "In terms of implied malice, I think the question for the Court here is could the People have relied on an implied malice theory at the trial in order to convict Mr. Wright?"  It found they could have, adding that the purpose of the hearing was not to retry the case but to determine "whether or not the People have proved beyond a reasonable doubt that there's a viable theory [of murder]."  This comment, particularly in the context of the court's prior discussion of the reasonable doubt standard, does not suggest that it applied a lesser standard of proof.

The court continued, "I don't know what a judge would do with the facts.  As [defense counsel] pointed out, there might be a jury that, based on . . . the inconsistencies [in the trial testimony] and other facts and circumstances of the case could very well acquit Mr. Wright.  But there's a viable legal theory in which he could be tried today, and the jury could be instructed on today under current law."  Wright, properly, does not claim this was a misstatement of the law.  (See § 1172.6, subd. (a)(3); *People v. Guillory* (2022) 82 Cal.App.5th 326, 333 [offenders who could be convicted under current murder law are ineligible for resentencing].)  Nor does it show the court failed to require proof of guilt beyond a reasonable doubt despite having clearly articulated that standard.

5

## DISPOSITION

The judgment is affirmed.

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
CHOU, J.

A165872